June 21st, 1907.

———o———

No. 4220.

(Court of Appeal, Parish of Orleans.)

EDWARD D. MORRIES vs. HENRY ZELLER.

1. Sec. 4 of Act No. 136 of 1880 which provides, inter alia, that in all cases the surety for costs shall be considered a party to such suit or proceeding and shall be condemned for the amount of costs recoverable in solido with the party cast in the final judgment in such proceeding;" does not contemplate that the final judgment which rejects plaintiff's suit shall include therein the condemnation of the surety for the amount of costs for which he is responsible.

2. The proper proceeding is by rule to tax after the suit has been decided.

3. Although the suit is terminated, the costs remain as an incident of the suit and one of its issues until they are paid; hence, a judgment on a rule to tax them does not require the signature of the judge, as it is not such as is nominated by the law, a "final judgment."

4. Where a judgment is rendered, *ultra petitionem,* but no effort is made to correct it either by new trial or by appeal —the judgment being one within the jurisdictional power of the Court to make—the party cast may not be permitted to controvert it by collateral attack four years after its rendition.

Appeal from Civil District Court, Division "C."

Wickliffe & Falls, for Plaintiff and Appellant.

J. H. Ferguson, for Defendant and Appellee.

MOORE, J. Pending the suit which plaintiff had instituted against him, the defendant demanded bond for costs under Act No. 136 of 1880, which bonds the plaintiff furnished to the amount of two hundred dollars with William J. Manscoe as surety. The suit resulted in the rejection of plaintiff's demand at his costs. Several months thereafter, no appeal having been taken from the judgment dismissing plaintiff's suit, the defendant ruled plaintiff and Manscoe, the surety for costs, to show cause why defendant's costs, which it was averred amounted to $168.90, should not be taxed as costs to be paid by plaintiff and his said surety and why execution therefor should not issue against them. After due hearing, both defendants in rule having answered thereto, the rule was made absolute, the amount of costs being fixed at the sum of $276.05.

Nearly four years later execution thereon issued, whereupon the surety who had been condemned in solido with the plaintiff, obtained an order of Court staying proceeding under and by virtue of said writ until the final hearing of a rule whic hthe surety, Manscoe, had taken to quash and recall the said writ of fieri facias. The grounds averred in this rule are, to quote therefrom, "that no judgment according to law has ever been rendered, read and signed aginst said Manscoe, in this, or any other cause in this Court, for said sum or for any sum whatsoever, in favor of plaintiff in this cause and that said writ of fieri facias was issued by the clerk of this Court with-

out right, reason or warrant of law."

On hearing a remittitur of one hundred dollars was entered, and thereupon judgment was renderd making the rule absolute, quashing the fieri facias, but reserving to the defendant in rule, Henry Zeller, "the right to renew said writ for the amount due by plaintiff and the surety on the bond for costs, to-wit the sum of one hundred and seventy-six 85/100 dollars."

From this judgment the plaintiff in rule, Manscoe, appeals, his complaint being that that portion of the judgment appealed from which reserves the right to Zeller to renew the writ for the amount stated, is error.

The argument of appellant is, substantially that what is called the judgment taxing costs, is, so far as concerns the surety for costs, no judgment at all forasmuch, 1st, as Sec. 4 of Act No. 136 of 1880 which, *inter alia,* provides: "That in all cases the surety for costs shall be considered a party to such suit or proceeding and shall be condemned for the amount of costs recoverable in solido with the party cast in the final judgment in such proceeding," contemplates that the condemnation of the surety for costs must be included in the final judgment rendered in the cause and that when not so included no separate and independent action may lie against the surety; 2nd, as the judgment taxing costs was not signed; and, 3rd, as it was an adjudgment *ultra petitionem* and therefore an absolute nullity.

## I.

It might be sufficient answer to the first objection to say that whatsoever form of proceeding the Section of the act supra contemplates for the condemnation of the surety for costs, it mattered not under what form, whether by rule or otherwise the question was presented, the judgment rendered was binding upon the appellant as he made no objection, at the time, to the trial by rule. But aside from this, the act, supra contemplates no such mode of fixation of the surety's liability. It is said that the strongest argument is often made by illustration. An apt one, anent this question is that of a case where the plaintiff who had given security for costs is successful in his suit below, but the judgment is reversed on appeal. Where then is the occasion offered for the condemnation of the surety

in the "final judgment?" Assuredly not in the Appellate Court. The law never contemplated any such thing as is contended for by appellant.

In State ex rel Johnson vs. Judges 107 La. 67-71 the Court said:

"We state that which is well known: That costs are incurred during the course of the suit, but they are frequently taxed and granted, only after the suit has been decided. Although the suit is terminated, the costs remain as an incident of the suit and one of its issues until they are paid."

## II.

The judgment taxing costs herein was entered on the records of Court, and the record or minutes of Court were duly read. The judgment itself, however, was not signed. This was not requisite as the judgment was not a definite or final judgment, in the sense of the law, which requires signature C. C. 546. The fixation of the costs and the condemnation of the surety t herefor was as said in the case just cited, "An *incident* of the suit and one of the issues until they are paid."

In State ex rel etc. vs. Judge 52 A. 19-21 the Court said:

"This Court has decided that a judgment of the Court making the rule absolute, as was made in this case, is not required to be signed (Fox vs. Executors 1 A. 334), and that the signature of the judge is required only to final judgments. Kraeutler vs. Bank 11 R. 160; Van Winckle vs. Fluchaux 12 La. 148."

## III.

In making the rule for the taxation of costs absolute, the trial judge inadvertently fixed as the amount due one hundred dollars more than claimed. This error could have been corrected by a new trial or by appeal, but neither was asked for by the parties condemned. The amount adjudged was within the jurisdictional limits of the Court which awarded the judgment, and although no judgment ought to be rendered for more than is demanded, yet it is that if the party so adjudged is content to allow the judgment to stand without an effort to correct it by the proper methods and within the legal delays, the judgment will be binding upon him if it be one which it was

within the jurisdictional power of the judge to render. In the instant case four years had elapsed between the rendition of that judgment and the instant proceeding. Appellee could, legally, have claimed the full amount of the judgment, but he did not, for he at once entered a remittitur for the excess amount.

We find no error in the judgment appealed from and it is affirmed.